The facts in this case are similar to those in the action of the Harrington Company against Charles E. Walker and the township of North Bergen, a municipal corporation. 105 N.J. Eq. 172. In this action also the complainant is before the court on a motion to strike out the answer and counter-claim of the defendant, the township of North Bergen.
The pleadings differ in only two important particulars from those in the Walker Case. In this case, the complainant sets forth in its complaint that all the taxes assessed subsequent to its certificate of sale issued in October, 1918, are liens on the property and offers in the bill of complaint to pay all such subsequent taxes. The other difference in the pleadings is that defendant, in 1922, itself bought it at a *Page 746 
tax sale, the taxes for the years subsequent to 1918 as well as certain assessments for years prior to 1916.
The principles embodied in the decision in the Walker Case
govern the decision in this case. The law of 1918 did not create a new lien for previous lapsed tax liens prior to 1916, and accordingly the attempt on the part of the township to acquire title paramount to that of the complainant, by sale based on taxes of 1916, is of no avail, and the sale by the township, as far as said taxes are concernde, is void.
Unpaid taxes subsequent to 1916 are valid and are conceded to be such by the complainant. The complainant has a right to redeem the property from such subsequent taxes as are unpaid.
Since the liens of taxes prior to 1916 are not valid as against the complainant, and since the defense and counter-claim interposed go only to these prior tax liens, the motion to strike out the answer and counter-claim should be granted.